NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GIL ANTONIO CISNEROS, | Nos. 20-72700; 23-23 |
| Petitioner, | Agency No. A038-793-911 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Gil Cisneros, a native and citizen of El Salvador, petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). The first denied his third motion to reopen, and the second, although granting his motion to reconsider in part, again denied the motion to reopen. Exercising jurisdiction under 8 U.S.C. § 1252,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

we dismiss the petition in part and deny it in part.

1. Cisneros argues the BIA erred in declining *sua sponte* reopening. But we generally do not have jurisdiction to review a denial of *sua sponte* reopening because we lack "a sufficiently meaningful standard against which to judge the BIA's decision." *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). A limited exception to that rule provides jurisdiction "where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (cleaned up). That exception, however, does not apply here. The BIA explicitly noted that Cisneros was not statutorily precluded from seeking reopening because of his illegal reentry and criminal history, but that it simply considered those facts when deciding as a matter of discretion whether to exercise its *sua sponte* authority. We therefore dismiss Cisneros's petition for review to the extent it seeks review of the BIA's denial of *sua sponte* reopening.

2. Ordinarily, a movant can file one motion to reopen within ninety days of the date of the final order of removal. 8 U.S.C. § 1229a(c)(7). But, the deadline for filing a motion to reopen can be equitably tolled if "some extraordinary circumstance stood in the petitioner's way and prevented timely filing" and the petitioner "acted with due diligence in pursuing" relief. *Hernandez-Ortiz v. Garland*, 32 F.4th 794,

801 (9th Cir. 2022) (cleaned up). Even assuming that Cisneros was entitled to equitable tolling through the date when his state-court conviction was vacated, his initial motion to reopen would still have been untimely absent further equitable tolling. *See* 8 U.S.C. § 1229a(c)(7). The conviction was vacated in July of 2015, and his motion to reopen was not filed until December of that year, well beyond the 90-day time limit.

Although perhaps it could have reached a different conclusion in the exercise of its discretion, it was not "arbitrary, irrational, or contrary to law" for the BIA to deny Cisneros further tolling. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)). Cisneros provided no evidence demonstrating that any "extraordinary circumstance" prevented him from timely filing his motion to reopen after his conviction was vacated. Although Cisneros has raised an ineffective assistance of counsel argument, it was premised on an entirely different issue—his counsel's failure to provide a copy of the vacatur in support of the initial motion to reopen. Cisneros did not argue that his counsel was ineffective because the motion to reopen was not timely filed.

Thus, the record does not allow us to conclude that the BIA abused its discretion by declining to equitably toll Cisneros's motion to reopen.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.** The temporary stay of removal, *see* **Dkt. 1** (No. 20-72700); **Dkt. 23** (No 23-23), shall dissolve on the issuance of the mandate.

3